# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAMIONNE M. NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-CV-804-JVB |
| v. | ) |
| | ) |
| TRENT FARRELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Damionne M. Nichols, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Nichols lists only five defendants on page 2, but in the body of the complaint he also asserts claims against a sixth person: Sgt. Trent Farrell. Because he is proceeding *pro se*, the court will liberally construe the amended complaint as including six defendants.

Nichols seeks both monetary compensation and release from prison. Release is not possible in this case because habeas corpus is the exclusive means of challenging the fact or duration of a state conviction in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

Nichols alleges that Sgt. Trent Farrell illegally stopped his mother's vehicle while he was a passenger. He argues that this warrantless stop was done without probable cause. He also alleges that Sgt. Farrell illegally arrested him and searched the vehicle in violation of his Fourth Amendment rights. "Probable cause for an arrest exists if, at the moment the arrest is made, the facts and circumstances within the officer['s] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense has been committed." *Hughs v. Meyer*, 800 F.2d 967, 969 (7th Cir. 1989). In addition to the amended complaint, Nichols also sent the court the Affidavit for Probable Cause. It explains that the police spoke to Danielle Robinson.

> We were advised that male black named Damionne Nichols came on the porch to confront Micha Robinson. Danielle advised the subject showed a gun but did not point it at anyone. We were advised they [l]eft in a white Olds Bravada with Indiana YW5745. At this time Sgt. Farrell advised he located a vehicle on Anthony near Lake which matched the description.

ECF 7 at 2. The Affidavit also states that, "[i]n checking we found Nichols was a convicted felon." *Id.* Based on this information, the police had probable cause to believe that Nichols had committed the crime of being a felon in possession of a firearm – a crime for which he was arrested and ultimately convicted. Though Nichols was also charged and convicted of receiving stolen property, that is not relevant because "an arrest can be supported by probable cause that the arrestee committed any crime, regardless of the officer's belief as to which crime was at issue. *Abbott v. Sangamon County*, 705 F.3d 706, 715 (7th Cir. 2013) (citations omitted). So too,

2

it is irrelevant that Nichols was not carrying a gun on his person when he was arrested because the police already had the statement of a witness that saw him with a gun. Moreover, they had probable cause to believe that he was in the vehicle that they stopped because he had been seen leaving in that vehicle by a witness. Thus Sgt. Farrell had probable cause to stop that vehicle. Once Nichols was found in the vehicle and arrested as a felon in possession of a gun, the police had probable cause to search the vehicle for a gun because police "may search a vehicle incident to a recent occupant's arrest [if] it is reasonable to believe the vehicle contains evidence of the offense of arrest." *United States v. Smith*, 697 F.3d 625, 630 (7th Cir. 2012) *quoting Arizona v. Gant*, 556 U.S. 332, 351 (2009) (brackets in original). Here, it was reasonable to believe that there might be a gun in the vehicle because Nichols had been seen with a gun when he recently entered the vehicle. Indeed, the search discovered a gun in the map pocket in front of the seat that had been occupied by Nichols. Therefore, Nichols does not state a claim against Sgt. Farrell for a violation of his Fourth Amendment rights.

Nichols alleges that after his arrest, he was taken to the police station and questioned by Detective Okey Sharp. Nichols argues that either Detective Sharp or Sgt. Farrell are responsible for his ongoing detention following the interview. Certainly they are responsible for his detention in the sense that they caused his arrest and detention. But that causation does not result in financial liability because it was not wrong for them to have done so.

Nichols says he did not confess to having a gun during the interview. He objects because the Affidavit of Probable Cause says that he did. It is true that the Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the

determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) *quoting Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). However, in this case, whether Nichols confessed is immaterial. The "analysis is fairly straightforward . . . eliminate the alleged false statements, incorporate any allegedly omitted facts, and then evaluate whether the resulting 'hypothetical' affidavit would establish probable cause." *Betker v. Gomez*, 692 F.3d 854, 862 (7th Cir. 2012). Here, there are no omitted facts, so it is only necessary to eliminate the allegedly false statement that Nichols confessed. What is left is a hypothetical affidavit saying that Danielle Robinson saw Nichols with a gun and that "Damionne Nichols was convicted of Battery by means of a deadly weapon on 11-05-2004 (case #02D040307FC132)." ECF 7 at 2. This hypothetical affidavit was more than sufficient to support Nichols' continued detention as a felon in possession of a firearm. As such, he does not state a claim against Detective Sharp or Sgt. Farrell.

    Next, Nichols alleges that three judges improperly handled his criminal case. Many of these claims hinge on the invalidity of his continued detention because he was improperly arrested. As previously explained, Nichols was properly arrested and detained. So to the extent that his claims against Judge Surbeck, Judge Linsky, and Judge Schmoll are based on those matters, he does not state a claim. However, there is an even bigger obstacle to his claims against these three judges – they all have judicial immunity. A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Here, the Allen Superior Court had jurisdiction over the criminal charges filed

4

against Nichols. Therefore these three judges have judicial immunity for their rulings in his criminal case.

Finally, Nichols alleges that Attorney Randy M. Fisher deprived him of his right to a speedy trial by claiming to be his attorney three days before he entered an appearance in his criminal case and by not filing motions to challenge his arrest and detention. As previously explained, Nichols had no valid argument that his arrest and detention were invalid. Neither is there any basis for finding that Attorney Fisher misrepresented him by working on his case before he formally entered an appearance or by delaying his ultimate conviction. However, there is an even bigger obstacle to his claims against Attorney Fisher – a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, Nichols cannot state a claim under § 1983 against Attorney Fisher.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on April 23, 2013.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE